UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANSFIELD,<br>Plaintiff,<br>v.<br>STOCKX LLC,<br>Defendant. | Case No. 25-cv-04250-RFL<br>**ORDER DENYING MOTION TO STAY DISCOVERY DEADLINES**<br>Re: Dkt. No. 56 |

StockX filed a Motion to Compel Arbitration and a Motion to Stay Discovery Deadlines. (Dkt. Nos. 54, 56.) District courts have discretion to order a stay during the pendency of a motion to compel arbitration if the motion is potentially dispositive and can be resolved without additional discovery. *Chan v. Panera, LLC*, No. 2:23-CV-04194-JLS-AJR, 2024 WL 4328827, at *4 (C.D. Cal. Aug. 16, 2024). The Court declines to exercise its discretion to enter a stay because StockX was not diligent in moving for the stay. StockX learned of the basis for its Motion to Compel Arbitration in January 2026. (Dkt. No. 64-1.) While StockX states that it "did not complete its investigation and determine that Plaintiff had consented to StockX's Terms and arbitration agreement . . . until after the Initial Case Management Conference" in March, that does not explain why StockX waited until October to bring the motion. (*Id.*) Although StockX argues that the parties were engaged in settlement negotiations during some of that nine-month period, the litigation was not stayed during those negotiations, and the parties continued to actively pursue discovery. In that period, StockX took advantage of the litigation process by seeking discovery from Mansfield, and Mansfield invested significant resources into discovery and the litigation as well. (Dkt. No. 61-1; Dkt. No. 65-1.) While a stay might have been

appropriate if StockX had sought it promptly after discovering the basis for its arbitration motion, it is not now. The motion is **DENIED.**

**IT IS SO ORDERED.**

Dated: November 5, 2026

RITA F. LIN
United States District Judge